UNITED STATE BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                             :

In re                           :        Chapter 11

                             :

893 4TH AVE LOFTS LLC,       :        Case No. 21-41367 (JMM)

                             :

                 Debtor.    :

                             :

----------------------------------------------------------------x

### NOTICE OF DEBTOR'S MOTION FOR AN ORDER: (A) APPROVING DISCLOSURE STATEMENT; (B) APPROVING FORM OF BALLOTS AND PROCEDURES FOR SOLICITATION OF VOTES IN CONNECTION WITH LIQUIDATING CHAPTER 11 PLAN; (C) SCHEDULING CONFIRMATION HEARING ON CHAPTER 11 LIQUIDATING PLAN; AND (D) EXTENDING DEBTOR'S EXCLUSIVITY PERIODS UNDER BANKRUPTCY CODE SECTION 1121 THROUGH THE CONCLUSION OF PLAN CONFIRMATION HEARING

**PLEASE TAKE NOTICE**, that upon the attached *Debtor's Motion For An Order: (A) Approving Disclosure Statement; (B) Approving Form Of Ballots And Procedures For Solicitation Of Votes In Connection With Liquidating Chapter 11 Plan; (C) Scheduling Confirmation Hearing On Chapter 11 Liquidating Plan; And (D) Extending Debtor's Exclusivity Periods Under Bankruptcy Code Section 1121 Through The Conclusion Of Plan Confirmation Hearing And Incorporated Memorandum Of Law* (the "Motion"),[1] the Debtor by and through its undersigned counsel, will move this Court for the entry of an order (a) approving the Disclosure Statement; (b) approving the form of ballots and procedures for solicitation of votes in connection with the Plan; (c) scheduling a confirmation hearing on Plan; and (d) extending the Debtor's Exclusivity Periods under Bankruptcy Code Section 1121 through the conclusion of the plan confirmation hearing.

**PLEASE TAKE FURTHER NOTICE**, that the Court will hold a hearing on the Motion before the Honorable Jil Mazer-Marino, United States Bankruptcy Judge for the Eastern District

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Motion.

527055.000003 26551063.1

of New York, Conrad B. Duberstein United States Courthouse, 271-C Cadman Plaza East, Courtroom 3529, Brooklyn, New York 11201, on November 10, 2021 at 10:30 a.m.

PLEASE TAKE FURTHER NOTICE that the hearing will take place telephonically pursuant to the procedures annexed hereto.

PLEASE TAKE FURTHER NOTICE that a copy of the Disclosure Statement and Plan may be obtained by making a written request upon counsel for the Debtor at the address below.

PLEASE TAKE FURTHER NOTICE, that objections, if any, to the relief sought in the Motion shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules, shall be in writing, shall state with particularity the grounds therefor, and shall be filed with the Bankruptcy Court for the Eastern District of New York and shall be served so as to be received on or before November 3, 2021, upon: (i) counsel for the Debtor at  Law Offices of Vincent Lentini, 1129 Northern Blvd., Suite 404, Manhasset, New York 11030; and (ii) counsel for the Secured Lender, Bruce J. Zabarauskas, Esq. Holland & Knight LLP, 1500 Routh Street, Suite 1500, Dallas, Texas 75201.

PLEASE TAKE FURTHER NOTICE, that the hearing to consider the Motion may be adjourned from time to time without notice to any creditor or other party-in-interest other than by an announcement of the adjourned date in open Court on the hearing date.

Date: Manhasset, New York
    September 22, 2021

LAW OFFICE OF VINCENT LENTINI
Attorney for the Debtor
1129 Northern Blvd., Suite 404
Manhasset, New York 11030
(516) 228 3214
vincentmlentini@gmail.com

By:  /s/ Vincent M. Lentini
        Vincent M. Lentini

# Judge Jil Mazer-Marino

**<u>Homepage</u>**

**Calendar/Hearings**

**Procedures**

<u>Telephonic Hearings</u>.  All hearings will be conducted telephonically until further notice.  All parties, including attorneys, clients, and pro se parties may appear telephonically in accordance with the instructions below.  Parties do not need to contact the Courtroom Deputy to request prior authorization to appear telephonically.

Each Party that intends to participate in a telephonic hearing must email the Courtroom Deputy at <u>JMM_hearings@nyeb.uscourts.gov</u> at least one business day before the scheduled hearing and provide the party's name, email address, and telephone number.  Attorneys must also identify the party the attorney represents.

Please call in at your scheduled hearing time to avoid missing the call of your case.  Several matters may be scheduled for the same calendar and you may have to wait until your case is called.  Please keep your phone on mute until your case is called.

Below are the instructions to dial in for the telephonic appearance:

1. Dial in Number 888-273-3658
2. Access Code – 2872314
3. State your name each time before speaking
4. Avoid the use of a speaker phone and use a landline, if possible
5. If you are not speaking, keep your phone on mute
6. Speak up and enunciate so that you can be heard and understood

<u>Certificates of No Objection</u>.  If a motion or application has been filed, appropriate notice thereof has been served, and no objection, responsive pleading, or request for a hearing respecting to the motion or application has been filed or served before forty-eight (48) hours after the expiration of the time to file an objection, counsel for the moving party may file a certificate of no objection ("CNO"), with an email copy to chambers in accordance with the procedures set forth below.

The CNO shall include the date of the filing and service of the motion or application, the deadline for filing an objection thereto, and a representation that (i) the motion or application was filed and served timely, (ii) no objection has been filed or served on the movant, (iii) there is no objection, responsive pleading or request for a hearing respecting the motion or application on the docket, and (iv) movant is aware of no informal objection.

Unless an individual debtor not represented by an attorney is a party to the matter, the motion includes a request for relief from the automatic stay, or a hearing is required under the Bankruptcy Code or Bankruptcy Rules notwithstanding the absence of an objection, responsive pleading, or request for a hearing, upon receipt of the CNO, the Court may enter the order accompanying the motion or application without further pleading or hearing.  Once the order is entered, the hearing scheduled on the motion or application shall be cancelled without further notice.  Please note, if the order is not entered by 3:30 p.m. on the business day prior to the scheduled hearing date, the Court will hold a telephonic hearing as scheduled.

<u>Deadline to oppose Chapter 13 Trustee's Motion to Dismiss and to Submit Documents to the Chapter 13 Trustee</u>. All opposition papers must be filed and transmitted so as to be received by the Chapter 13 Trustee at least 72 hours in advance of the scheduled hearing.  Where the motion to dismiss is based upon failure to provide documentation to the Chapter 13 Trustee as required by E.D.N.Y. LBR 2003-1, or as requested at the 341 meeting, such documents must also be transmitted so as to be received by the Chapter 13 Trustee at least 72 hours in advance of the scheduled hearing.

Documents filed on the docket or transmitted to the Chapter 13 Trustee less than 72 hours before a hearing will not be considered at such hearing.  Documents filed on the docket or transmitted to the Chapter 13 Trustee less than 72 hours before the hearing on the Chapter 13 Trustee's motion to dismiss will not be grounds to deny or adjourn the motion unless a written request for an extension of time to oppose the motion is granted by the court before the expiration of the deadline.  Any request for such extension must be filed on the docket, emailed to the Judge's chambers, and served on the Chapter 13 Trustee.

<u>Other Procedures</u>.  Procedures for [obtaining hearing dates], and requesting [emergency hearings], [adjournments], [telephonic or video appearances], [conferences], and concerning [chambers copies], [submission of orders], [notices of presentment], and other matters may be found by clicking the [Judges' Procedures] tab.

<u>Mailing address</u>.

Hon. Jil Mazer-Marino

U.S. Bankruptcy Court, EDNY

Conrad B. Duberstein Courthouse

271-C Cadman Plaza East - Suite 1595

Brooklyn, NY 11201-1800

\*\*\* Please review Judges' Procedures before contacting chambers.

UNITED STATE BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11
                                          :
893 4TH AVE LOFTS LLC,                    :        Case No. 21-41367 (JMM)
                                          :
                         Debtor.          :
                                          :
---------------------------------------------------------------x

**DEBTOR'S MOTION FOR AN ORDER: (A) APPROVING DISCLOSURE
STATEMENT; (B) APPROVING FORM OF BALLOTS AND PROCEDURES
FOR SOLICITATION OF VOTES IN CONNECTION WITH LIQUIDATING
CHAPTER 11 PLAN; (C) SCHEDULING CONFIRMATION HEARING ON
CHAPTER 11 LIQUIDATING PLAN; AND (D) EXTENDING DEBTOR'S
EXCLUSIVITY PERIODS UNDER BANKRUPTCY CODE SECTION 1121
THROUGH THE CONCLUSION OF PLAN CONFIRMATION HEARING
AND INCORPORATED MEMORANDUM OF LAW**

TO:     THE HONORABLE JIL MAZER-MARINO,
        UNITED STATES BANKRUPTCY JUDGE:

        893 4th Ave Lofts, LLC (the "Debtor"), as and for its Motion For An Order: (A) Approving

Disclosure Statement; (B) Approving Form Of Ballots And Procedures For Solicitation Of Votes

In Connection With Liquidating Chapter 11 Plan; (C) Scheduling Confirmation Hearing On

Chapter 11 Liquidating Plan; And (D) Extending Debtor's Exclusivity Periods Under Bankruptcy

Code Section 1121 Through The Conclusion Of Plan Confirmation Hearing, respectfully

represents:

## Introduction

        1.      On May 24, 2021 (the "Petition Date"), the Debtor filed a voluntary Chapter 11

bankruptcy petition with the Court.

        2.      The Debtor's sole asset is a vacant multi-family residential property and

improvements thereon located at 893 4th Avenue, Brooklyn, New York (the "Property").

1

3.      The Property was gutted for renovation prior to the Filing Date and currently has no certificate of occupancy.

4.       The Property generates no income and the Debtor has no other source of income. The Debtor has no employees.

5.      Prior to August 11, 2021, the membership interests in the Debtor were wholly owned by Michael Uhr ("Uhr").  Between the Petition Date and August 11, 2021, the Debtor, while under the control and ownership of Uhr, took no action towards the reorganization of the Debtor. The Debtor did not pay the bankruptcy filing fee, it did not retain counsel as required, and it did not file documents required of a bankruptcy debtor, including schedules of assets and liabilities and a statement of financial affairs.  The Debtor, while under the ownership and control of Uhr, did not attend its initial interview with the Office of the United States Trustee or its initial meeting of creditors under Bankruptcy Code Section 341.

6.      As a result, on June 3, 2021, the Court issued an order requiring the Debtor to show cause why its Chapter 11 bankruptcy case should not be dismissed.  Hearings on the Court's order to show cause were held before the Bankruptcy Court on June 9, 2021 and July 14, 2021.  The Debtor did not appear at such hearings, though counsel for 5 AIF Sycamore 2, LLC (the "Secured Lender") requested that the Court not dismiss the bankruptcy case, and requested that the Court continue the hearing on the order to show cause to a date after a scheduled UCC Sale of Uhr's membership interest in the Debtor was held, so that the purchaser of Uhr's 100% membership interest in the Debtor could be given an opportunity to remedy the Debtor's deficiencies under the Bankruptcy Code.

7.      On August 11, 2021, Uhr's 100% membership interest in the Debtor was acquired by Secured Loan Holdings, LLC ("SLH") at a UCC sale.

8.      Upon acquiring Uhr's membership interest in the Debtor, SLH commenced activities to remediate the deficiencies in the Debtor's bankruptcy filing.  The Debtor retained the Law Offices of Vincent Lentini as counsel for the Debtor in this bankruptcy case, paid the Chapter 11 filing fee, and filed a motion to extend the time for the Debtor to file schedules of assets and liabilities, a statement of financial affairs and such other documents that the Debtor had failed to file while under the control of Uhr (the "Schedules Extension Motion").  Additionally, counsel for the Debtor, contacted the Office of the United States Trustee to re-schedule the Debtor's initial interview and Section 341 meeting of creditors.

9.      As a result of the remedial actions taken by the Debtor following SLH's acquisition of Uhr's 100% ownership interest in the Debtor, the Court at a hearing held on August 25, 2021, marked its order to show cause seeking dismissal of the Debtor's bankruptcy case off its calendar, and entered an order granting the Schedules Extension Motion.

10.     On September 15, 2021, the Debtor filed its schedules of assets and liabilities with the Court.  The following day, the Debtor filed its statement of financial affairs.

11.     The Debtor has also since SLH's acquisition of the membership interest in the Debtor, filed monthly operating reports as required by the United States Trustee's guidelines, paid the outstanding United States Trustee's fee, and participated in both the required initial interview with the Office of the United States Trustee, as well as the Section 341 meeting of creditors, which was held on September 20, 2021.

12.     On September 21, 2021, within its exclusive period to file a plan under Bankruptcy Code § 1121, the Debtor along with its Secured Lender filed: (i) the Chapter 11 Liquidating Plan For 893 4th Ave Lofts LLC Filed By 893 4th Ave Lofts LLC And 5 AIF Sycamore 2, LLC (the "Plan"); and (ii) the Disclosure Statement Concerning Chapter 11 Liquidating Plan For 893 4th

3

Ave Lofts LLC Filed By 893 4th Ave Lofts LLC And 5 AIF Sycamore 2, LLC (the "Disclosure Statement").

13.     The Plan provides for an auction sale of the Property to be held on January 31, 2022.  The proceeds of the Sale will be distributed to creditors pursuant to their relative priorities under the Bankruptcy Code and applicable state law.   To the extent there are insufficient sale proceeds to pay creditors, the Secured Lender has agreed to fund certain reserves to ensure: (i) the payment of Administrative Claims and Priority Claims in full; (ii) the payment of 90% of Mechanic's Lien Claims; and (iii) that $25,000 will be distributed pro-rata to holders of Allowed General Unsecured Claims.

14.     On September 21, 2021, the Debtor filed the instant motion. While this motion has been served on all creditors, the United States Trustee, and the Securities and Exchange Commission, pursuant to Bankruptcy Rule 3017(a), the Disclosure Statement itself (prior to its approval) is only being served upon the United States Trustee, the Securities & Exchange Commission and any party in interest who requests in writing a copy of the Disclosure Statement and Plan.

### The Court Should Approve The Disclosure Statement As Containing Adequate Information Within The Meaning Of Bankruptcy Code Section 1125

15.     Section 1125 of the Bankruptcy Code provides that prior to solicitation of votes in connection with a plan, the Court must approve a disclosure statement containing "adequate information."

16.     Bankruptcy Code Section 1125 defines "adequate information" as:

information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that

4

would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

17.     The Disclosure Statement filed in this case satisfies the "adequate information" standard because it contains, *inter alia*: (i) a description of the Debtor and its assets and liabilities; (ii) a history of events leading to the Debtor's bankruptcy filing; (iii) a discussion of the change in the Debtor's ownership during the course of this Chapter 11 case; (iv) a discussion of events which have occurred during this Chapter 11 case; (v) a description of the Plan including the proposed treatment of all claims under the Plan, an estimate of the amount of claims and likely distributions to creditors under the Plan; (vi) financial information concerning the Debtor; and (vii) a liquidation analysis.

18.     Accordingly, the Court should enter an order approving the Disclosure Statement in the form annexed hereto as <u>Exhibit A</u> (the "Proposed Disclosure Statement Order").

**The Court Should Approve The Form Of Ballots And Procedures For**
**<u>Solicitation Of Votes Provided In The Proposed Disclosure Statement Order</u>**

19.     In connection with approval of the Disclosure Statement, the Debtor also requests that the Court approve the form of ballot attached to the Proposed Disclosure Statement Order for accepting or rejecting the Plan that will be sent to all creditors in impaired classes under the Plan. The proposed ballot provides instructions to creditors, including where ballots must be returned and the deadline by which they must be returned, as well as a place to note the amount of their claim, the classification of their claim and whether the creditor votes to accept or reject the Plan.

5

20.     The Debtor requests that it be given seven days after entry of an order approving the Disclosure Statement to mail the Disclosure Statement, Plan, ballot and a copy of the Court's order approving the Disclosure Statement to creditors.

21.     The Debtor also requests that the deadline to return ballots and to file objections to confirmation of the Plan be fixed as 14 days prior to a confirmation hearing on the Plan.

**The Court Should Fix A Date For A Confirmation Hearing On The Plan**

22.     The Debtor also respectfully requests that the Court fix a date for a confirmation hearing on the Plan.

23.     Since: (i) the Debtor has requested 7 days after entry of the Disclosure Statement Order to serve the Plan and Disclosure Statement and other materials on creditors. (ii) Bankruptcy Rule 2002(b) requires that parties in interest be given 28 days to object to confirmation of a Chapter 11 Plan; and (iii) the Debtor has requested that objections to plan confirmation be filed 14 days prior to the confirmation hearing, the Debtor requests that the Court fix a confirmation hearing which is at least 49 days (7 days + 28 days + 14 days) after entry of the Disclosure Statement Order.

**The Court Should Also Extend The Debtor's Exclusivity Periods**
**Through The Conclusion Of The Confirmation Hearing On The Plan**

24.     Finally, the Debtor also requests an extension of its exclusivity periods under Bankruptcy Code Section 1121 through the conclusion of the confirmation hearing on the Plan.

25.     Specifically, under Section 1121 of the Bankruptcy Code, the Debtor is granted a 120 exclusive period to file a plan in a Chapter 11 case, which period is automatically extended an additional 60 days to solicit acceptances to a plan if the debtor files a plan within the first 120 days of its bankruptcy case (collectively, the "Exclusivity Periods").

6

26.     The Court may, for cause, extend the Exclusivity Periods. In determining whether cause exists to extend the Exclusivity Periods, courts have looked at a myriad factors which include (but are not limited to) the amount of time that has elapsed in the case, the existence of good faith progress towards reorganization, whether the debtor has demonstrated reasonable prospects for filing a viable plan, whether the debtor is seeking an extension of exclusivity to pressure creditors to submit to the debtor's reorganization demands, and whether the debtor is current on post-petition liabilities.  *See*, *e.g.*, *In re Clinton Nurseries, Inc.*, 2018 WL 3245040 (Bankr. D. Ct. 2018),

27.     The aforementioned factors support an extension of the Exclusivity Periods in this case.  First, the case has only been pending 120 days, and this is the Debtor's first request for an extension of the Exclusivity Periods.  Second, the Debtor's management, since acquiring the 100% membership interest in the Debtor, has worked quickly, efficiently and in good faith to remedy the deficiencies of the Debtor's prior ownership and management.  Specifically, in the approximately six weeks since SLH acquired the membership interest in the Debtor, the Debtor has paid its Chapter 11 filing fee, retained counsel, filed schedules and its statement of financial affairs, and filed a Rule 2004 application requiring Uhr to produce documents and be examined, which application was granted by the Court on September 14.  Additionally, the Debtor, along with the Secured Lender, filed the Plan within Section 1121's 120 day exclusive period to file a plan.

28.     The Debtor's plan is viable.  It provides for a sale of the Property, and a mechanism to ensure distributions to creditors even if the proceeds from the sale of the Property are insufficient to flow down to holders of mechanic's lien claims and general unsecured claims.

29.     The Plan was not filed to pressure creditors to accede to the demands of the Debtor.

30.     Finally, the Debtor is current on all post-petition liabilities.

7

31.     Accordingly, the Debtor submits that cause exists to extend the Exclusivity Periods through the conclusion of the confirmation hearing in the Plan.

WHEREFORE, the Debtor respectfully requests that the Court enter an order in the form of the Proposed Disclosure Statement Order annexed hereto as <u>Exhibit A</u>: (a) approving the Disclosure Statement; (b) approving the form of ballots and procedures for solicitation of votes in connection with the Plan; (c) scheduling a confirmation hearing on Plan; and (d) extending the Debtor's Exclusivity Periods under Bankruptcy Code Section 1121 through the conclusion of plan confirmation hearing.

Dated: September 22, 2021
        Manhasset, New York

                              Respectfully submitted,

                              **LAW OFFICE OF VINCENT LENTINI**
                              Attorney for the Debtor
                              1129 Northern Blvd., Suite 404
                              Manhasset, New York 11030
                              (516) 228 3214
                              vincentmlentini@gmail.com


                              By:  /s/ Vincent M. Lentini
                                     Vincent M. Lentini

527055.000003 26548230.1

## <u>CERTIFICATE OF SERVICE</u>

Bruce J. Zabarauskas, hereby declares:

1.      I am an attorney admitted to practice law in the States of New York, Texas and California and am a member of the bar of this Court.

2.      On September 22, 2021, I served a true and correct copy of the prefixed notice of motion and motion by first class mail upon all parties on the annexed service list

Dated: September 21, 2021

<u>/s/ Bruce J. Zabarauskas</u><br>
Bruce J. Zabarauskas

## SERVICE LIST

U.S. Securities and Exchange Commission
New York Regional Office
Attention: Bankruptcy Group,
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281

Jeffrey S. Sussman, Esq.
Office of the United States Trustee
201 Varick Street, Suite 1006
New York, New York 10014

5 AIF Nutmeg, LLC
19800 MacArthur BLVD., Suite 1150
Irvine, CA 92612

5 AIF Sycamore 2 LLC
19800 MacArthur BLVD., Suite 1150
Irvine, CA 92612

Alexander Levkoich
Levkovich & Associates
1400 Avenue Z, Suite 303
Brooklyn, NY 11235

Allen Schwartz
Law Offices of Allen Schwartz
2635 Nostrand Ave., Apt 4E
Brooklyn, NY 11210

Best Super Cleaning LLC
5014 16th Ave.
Brooklyn, NY 11204

Board of Managers of The 697
Monroe Street Condominium
697 Monroe Street
Brooklyn, NY 11221

Boulder Builders
18 Spencer, Suite 703
Brooklyn, NY 11205

10

Home Core Inc.
207 Lawrence Ave.
Inwood, NY 11096

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Michael Uhr
9 Englewood Terrace
Lakewood, NJ 08701

Michael Uhr
17 Olsen Road
Monsey, NY 10952

New York City Department of Finance
P.O. Box 680
Newark, NJ 07101-0680

New York City Department of Finance
Office of Legal Affairs
375 Pearl Street, 30th Floor
New York, NY 10038

New York City Environmental Control Board
144-06 9th Ave.
Jamaica, NY 11435

New York City Water Board
59-17 Junctionm Blvd.
Flushing, NY 11373

New York State Department of Taxation and Finance
Bankruptcy Unit
TCD, Building 8, Room 455, W.A. Harriman State Campus
Albany, NY 12227

New York State Department of Taxation and Finance
P.O. Box 5300, Bankruptcy Unit
Albany, NY 12205-0300

Queenie Equities
1120 Lexington Avenue
Lakewood, NJ 08701

11

Silvercup Scaffolding LLC
29 Lorimer St.
Brooklyn, NY 11206

Sinayskyaya Yuniver, PC
Attn: Steven Yuniver
710 Avenue U
Brooklyn, NY 11223

The Bank of New York Mellon as Collateral Agent and
Custodians for NYCTL 1998-2 Trust
Attn: Asset Backed Securities Group
101 Barclay Street, 4W
New York, NY 1026

United Company Funding
1274 49th Street, Suite 197
Brooklyn, NY 11219

WHP Equities
1120 Lexington Avenue
Lakewood, NJ 08701

Y&L Interiors
34 Franklin Ave., #323
Brooklyn, NY 11205

527055.000003 26548230.1

# EXHIBIT A

UNITED STATE BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11
                                          :
893 4TH AVE LOFTS LLC,                    :        Case No. 21-41367 (JMM)
                                          :
                            Debtor.       :
                                          :
-----------------------------------------------------------------x

**ORDER GRANTING DEBTOR'S MOTION FOR AN ORDER: (A) APPROVING
DISCLOSURE STATEMENT; (B) APPROVING FORM OF BALLOTS AND
PROCEDURES FOR SOLICITATION OF VOTES IN CONNECTION WITH
LIQUIDATING CHAPTER 11 PLAN; (C) SCHEDULING CONFIRMATION HEARING
ON CHAPTER 11 LIQUIDATING PLAN; AND (D) EXTENDING DEBTOR'S
EXCLUSIVITY PERIODS UNDER BANKRUPTCY CODE SECTION 1121
THROUGH THE CONCLUSION OF PLAN CONFIRMATION HEARING**

893 4th Ave Lofts LLC (the "Debtor") having filed on September 21, 2021, a Motion For

An Order: (A) Approving Disclosure Statement; (B) Approving Form Of Ballots And Procedures

For Solicitation Of Votes In Connection With Liquidating Chapter 11 Plan; (C) Scheduling

Confirmation Hearing On Chapter 11 Liquidating Plan; And (D) Extending Debtor's Exclusivity

Periods Under Bankruptcy Code Section 1121 Through The Conclusion Of Plan Confirmation

Hearing (the "Motion"); and the Debtor having further filed on September 21, 2021 the Chapter

11 Liquidating Plan For 893 4th Ave Lofts LLC Filed By 893 4th Ave Lofts LLC And 5 AIF

Sycamore 2, LLC (the "Plan"), and the Disclosure Statement Concerning Chapter 11 Liquidating

Plan For 893 4th Ave Lofts LLC Filed By 893 4th Ave Lofts LLC And 5 AIF Sycamore 2, LLC

(the "Disclosure Statement); and a hearing on the Motion having been duly scheduled and held

before the Court on October __, 2021 (the "Hearing"); and the Court having found that notice of

the Motion and the Hearing was good and sufficient; and the Court having considered the Motion,

the Disclosure Statement and the Plan, any responses to the Motion, and the positions of the parties

1

as reflected in the transcript of the Hearing; and the Court having further found that the Disclosure Statement contains "adequate information" within the meaning of Section 1125 of the Bankruptcy Code; and sufficient cause appearing to me for granting the relief contained herein, now therefore it is:

ORDERED that the Motion is granted; and it is further

ORDERED that the Disclosure Statement is approved pursuant to Section 1125 of the Bankruptcy Code; and it is further

ORDERED that the Debtor and 5 AIF Sycamore 2, LLC (the "Secured Lender") are authorized to solicit acceptances to the Plan; and it is further

ORDERED that the form of ballot (the "Ballot") annexed hereto is approved for purposes of soliciting acceptances to the Plan; and it is further

ORDERED, that on or before November __, 2021, counsel for the Debtor or Secured Lender shall serve the Disclosure Statement, Plan, Ballot and a copy of this Order upon all holders of claims and interest in this Chapter 11 case and the office of the United States Trustee; and it is further

ORDERED that completed and signed ballots accepting or rejecting the Plan must be received by counsel for the Debtor no later than 5:00 p.m. on December __, 2021 in order to be counted with respect to voting on the Plan; and it is further

ORDERED that any party seeking to object to confirmation of the Plan shall file its objection to confirmation with the Court no later than December __, 2021 (the "Plan Objection Deadline") and serve such objection so as to be received by such date by: (i) counsel to the Debtor at  Law Offices of Vincent Lentini, 1129 Northern Blvd., Suite 404, Manhasset, New York 11030; (ii) counsel to the Secured Lender, Bruce J. Zabarauskas, Esq. Holland & Knight LLP, 1500 Routh

2

Street, Suite 1500, Dallas, Texas 75201; and (iii) Jeffrey S. Sussman, Esq. Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014; and it is further

ORDERED that any objections not filed by the Plan Objection Deadline shall be deemed waived; and it is further

ORDERED that any replies to objections to confirmation of the Plan shall be filed with the Court no later than December __, 2021, and served upon all parties who have filed objections so that they receive such replies by such date; and it is further

ORDERED that a hearing on confirmation of the Plan shall be held before the Honorable Jil Mazer-Marino, United States Bankruptcy Judge for the Eastern District of New York, the Conrad B. Duberstein United States Courthouse, 271-C Cadman Plaza East, Courtroom 3529, Brooklyn, New York 11201, on December __, 2021 at __:__ _.m., and such other and further dates and times as may be designated by the Court (the "Confirmation Hearing"); and it is further

ORDERED that the Confirmation Hearing will take place telephonically pursuant to the procedures annexed hereto; and it is further

ORDERED that the Confirmation Hearing may be adjourned from time to time without notice to any creditor or other party-in-interest other than by an announcement of the adjourned date in open Court on the hearing date; and it is further

ORDERED that the Debtor's exclusive periods to file and solicit acceptances to a plan under Section 1121 of the Bankruptcy Code are extended through and including the conclusion of the Confirmation Hearing.

Dated: October __, 2021
        Brooklyn, New York

_____
        Hon. Jil Mazer-Marino
        United States Bankruptcy Judge

527055.000003 26548230.1

t

UNITED STATE BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------x

In re:

                                    Chapter 11

893 4TH AVE LOFTS, LLC.

                                    Case No.  21-41367 (JMM)

                  Debtor.

----------------------------------------------------------x

## BALLOT FOR ACCEPTING OR REJECTING THE CHAPTER 11 LIQUIDATING PLAN FOR 893 4TH AVE LOFTS LLC FILED BY 893 4TH AVE LOFTS LLC AND 5 AIF SYCAMORE 2, LLC

        The Chapter 11 Liquidating Plan for 893 4th Ave Lofts, LLC filed by 893 4th Ave Lofts LLC and 5 AIF Sycamore 2, LLC (the "Plan") can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the holders of at least two thirds in amount and more than one-half in number of allowed claims or interests in Class 3, Class 4, Class 5, Class 6, Class 7. Class 8, and Class 9 under the Plan. To have your vote count, you must return this Ballot.

**TO BE COUNTED YOUR COMPLETED BALLOT MUST BE RECEIVED BY 5:00 P.M. (EASTERN TIME), ON DECEMBER ____, 2021 BY COUNSEL TO 893 4TH LOFTS LLC, LAW OFFICES OF VINCENT LENTINI, 1129 NORTHERN BLVD., SUITE 404, MANHASSET, NEW YORK 11030.**

**ITEM 1. IDENTITY OF CLAIMANT/INTEREST HOLDER**

                              _____

                              Name of Creditor/Interest Holder

                              _____

                              Street Address

                              _____

                              Telephone Number

                              **INDICATE THE DOLLAR AMOUNT OF YOUR CLAIM $ _____**

1

**INDICATE THE CLASS OF YOUR CLAIM (i.e., Class 3, Class 4, Class 5, Class 6, Class 7, Class 8, or Class 9):**

_____

(Class 3 – Allowed Secured Lender Claim; Class 4 – Allowed 5 AIF Nutmeg, LLC Secured Claim; Class 5 – Allowed Home Core, Inc. Mechanic's Lien Claim; Class 6 – Allowed Best Super Cleaning LLC Mechanic's Lien Claim; Class 7 – Allowed Silvercup Scaffolding, LLC Mechanic's Lien Claim, Class 8 – General Unsecured Claims; Class 9 – Interests In The Debtor)

ITEM 2.        **INDICATE YOUR VOTE TO ACCEPT OR REJECT THE PLAN  BY MARKING THE APPROPRIATE BOX**

**Accepts**                          **Rejects**

☐                              ☐

ITEM 3.        **By signing this Ballot, the undersigned certifies that he or she has been provided with a copy of the Plan and Disclosure Statement, with all exhibits.**

ITEM 4.        **By signing this Ballot, the undersigned hereby certifies that he or she has full power and authority to vote to accept or reject the Plan on behalf of the Claimant.**

ITEM 5.        **SIGN AND DATE YOUR VOTE**

_____        _____

Signature                                                Date

_____

Title

2

## VOTING INSTRUCTIONS

1.     The United State Bankruptcy Court for the Eastern District of New York will hold a hearing on **December ___, 2021 at __:__ _.m.** (the "Hearing") to consider whether to confirm the Chapter 11 Liquidating Plan for 893 4th Ave. Lofts, LLC filed by 893 4th Ave Lofts LLC and 5 AIF Sycamore 2, LLC (the "Plan"). The Hearing may be adjourned from time to time. Enclosed herewith is a copy of the Disclosure Statement with all exhibits. A copy of the Plan is annexed as <u>Exhibit A</u> to the Disclosure Statement. The Disclosure Statement describes the Plan and the treatment of all claims thereunder.

2.     The Plan may be confirmed and thereby made binding upon you if (i) the Bankruptcy Court finds that the Plan accords fair and equitable treatment, and does not discriminate unfairly with respect to any classes rejecting it, and (ii) at least one impaired Class has accepted the Plan. A Class will have accepted the Plan if it is accepted by the holders of at least two thirds in amount and more than one-half in number of Allowed Claims in such Class that vote upon the Plan. To have your vote count you must complete and return the Ballot.

3.     The Plan classifies Claims and Interests separately, and provides different treatment for different Classes of Claims or Interests. You should read the Plan and the Disclosure Statement and the other related materials enclosed in this package carefully to understand the treatment you will receive.

IF YOU HAVE ANY QUESTIONS REGARDING THE PROCEDURES FOR VOTING ON THE PLAN, PLEASE CONTACT COUNSEL FOR 893 4TH AVE LOFTS LLC, LAW OFFICES OF VINCENT LENTINI, 1129 NORTHERN BLVD., SUITE 404, MANHASSET, NEW YORK 11030, (516) 228-3214, vincentmlentini@gmail.com.

> **TO BE COUNTED YOUR COMPLETED BALLOT MUST BE RECEIVED BY 5:00 P.M. EASTERN STANDARD TIME, ON DECEMBER ___, 2021 BY THE LAW OFFICES OF VINCENT LENTINI, 1129 NORTHERN BLVD., SUITE 404, MANHASSET, NEW YORK 11030.**