UNITED STATE BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                                                                     :

In re                                                :        Chapter 11

893 4TH AVE LOFTS LLC,                  :        Case No. 21-41367 (JMM)

                      Debtor.     :

-------------------------------------------------------------x

### DEBTOR'S OBJECTION TO CLAIM OF WHP EQUITIES LLC (CLAIM NO. 2)

TO:    THE HONORABLE JIL MAZER-MARINO,
        UNITED STATES BANKRUPTCY JUDGE:

893 4th Ave Lofts LLC (the "Debtor"), as and for its objection (the "Objection") to the proof of claim (the "Claim")[1] filed by WHP Equities, LLC ("WHP" or the "Claimant"), respectfully represents:

### Introduction

1. Prior to the Petition Date, the Debtor through its former principal Michael Uhr ("Uhr") fraudulently transferred the Property (as hereafter defined) to WHP for $100,000, which was neither paid to the Debtor, nor paid by WHP. The State Court held that such transfer was void *ab initio*, and WHP was not a bona fide purchaser for value. Incredibly, WHP filed a $100,000 proof of claim (the "Claim") against the Debtor's bankruptcy estate, seeking to recover the money that it never paid to the Debtor. The Court should expunge WHP's Claim.

### Background

2. On May 24, 2021 (the "Petition Date"), the Debtor filed a voluntary Chapter 11 petition with the Court.

---

[1] A copy of the Claim is annexed hereto as <u>Exhibit A</u>.

3. The Debtor's sole asset is a vacant multi-family residential property located at 893 4th Avenue, Brooklyn, New York (the "Property"). The Property was gutted for renovation pre-petition and has no certificate of occupancy. The Property generates no income and the Debtor has no other source of income.

4. On October 15, 2021, this Court entered an order fixing November 15, 2021 as the last day for non-governmental entities to file proofs of claim. [Dkt. No. 55].

5. On October 29, 2021, WHP filed its Claim in this case (Claim No. 2), which asserts a $100,000 general unsecured claim. The Claim states that its basis is: "Paid $100,000 for Deed which was deemed void." The back-up documentation for the Claim purportedly shows a $100,000 transfer from an entity named 341 Connecticut LLC to 421 HArt St LLC. In other words, the Debtor never received any funds for the alleged purchase, which was voided by the State Court, and WHP never made the alleged $100,000 transfer.

6. On November 12, 2021, the Debtor and 5 AIF 2 Sycamore, LLC (the "Secured Lender") filed the *Second Amended Chapter 11 Liquidating Plan For 893 4th Ave Lofts LLC Filed By 893 4th Ave Lofts LLC And 5 AIF Sycamore 2, LLC*, [Dkt. No. 70] (the "Plan") and *the Second Amended Disclosure Statement Concerning Chapter 11 Liquidating Plan For 893 4th Ave Lofts LLC Filed By 893 4th Ave Lofts LLC And 5 AIF Sycamore 2, LLC*, [Dkt. No. 71] (the "Disclosure Statement").

7. On November 15, 2021, the Court entered an order approving the Disclosure Statement and scheduling a December 22, 2021 confirmation hearing on the Plan. [Dkt. No. 75].

8. Under the Plan, if confirmed, general unsecured creditors will receive the distribution of any proceeds from the sale of the Property after the payment of senior claims, or if

there are no such proceeds then all general unsecured creditors will receive a *pro rata* share of a $25,000 reserve set aside for allowed general unsecured claims.

### Facts Relevant To This Claim Objection[2]

9. Prior to August 11, 2021, the Debtor was wholly owned and controlled by Uhr.[3]

10. By December 2020, the Debtor was in default of its obligations to the Secured Lender pursuant to a loan (the "Loan"), which was secured by a first priority lien on the Property.[4]

11. Uhr personally guaranteed the Debtor's obligations under the Loan (the "Guaranty"), and had entered into a pledge agreement (the "Pledge Agreement") pursuant to which Uhr pledged his 100% membership interest in the Debtor to secure his obligations under the Guaranty,

12. By December 2020, the <u>Secured Lender</u> was in the process of scheduling a UCC sale ("UCC Sale") of Uhr's 100% membership interest in the Debtor. The New York State Supreme Court for Kings County (the "State Court") had twice denied the Debtor and Uhr's request to enjoin the UCC Sale, and a motion was pending before the State Court Appellate Division seeking the same relief (which was ultimately denied).

13. It is in this context that Uhr contacted the Secured Lender and threatened to cause the Debtor to transfer the Property to a third party to disrupt the UCC Sale if the Secured Lender did not reach a settlement with the Debtor. The loan documents (the "Loan Documents") between the Debtor and Secured Lender, and the Pledge Agreement were clear that such a transfer was

---

[2] A more detailed recitation of the facts underlying this objection is set forth in the accompanying declaration of Robert Roades, which is annexed hereto as <u>Exhibit B</u>.

[3] The current owner of the 100% membership interests in the Debtor is Secured Loan Holdings LLC, which acquired Uhr's membership interests in the Debtor following a UCC Sale on August 11, 2021.

[4] The Secured Lender also holds a second mortgage lien on the Property pursuant to a construction loan which was never funded. 5 AIF Nutmeg, LLC hold a third mortgage lien on the Property.

prohibited. In fact, under the Pledge Agreement, upon an event of default under the Loan Agreement, Urh was expressly prohibited from transferring title to the Property. See Exhibit "E".

14. When the Secured Lender did not cave to Uhr's demands and threats, Uhr did exactly what he threatened to do - on or about December 8, 2020, Uhr caused the Debtor to transfer the Property to WHP in violation of the Loan Documents and Loan Agreement, allegedly for $100,000.[5] However: (i) the $100,000 was never paid to the Debtor, it was paid to an affiliate of Uhr; and (ii) WHP never paid the alleged $100,000 (it was allegedly paid by an affiliate of WHP, who did not file a proof of claim in this case).

15. The Secured Lender responded quickly in the pending state court action (the "State Court Action") between the Debtor and the Secured Lender, by joining WHP as a third party defendant, and seeking injunctive relief, *inter alia*, voiding the transfer of the Property to WHP. See affirmation annexed as Exhibit ""C.

16. The State Court saw through Uhr and WHP's scam. On March 4, 2020, the State Court entered an order (the State Court Order") voiding the deed transferring the Property to WHP (the "Voided Transfer"), holding that: (i) the Debtor lacked authority to transfer the Property to WHP and that the transfer was void *ab initio*; and (ii) WHP "was not a bona fide purchaser for value and consequently the transfer of the deed was a nullity." A copy of the State Court Order is annexed hereto as Exhibit "D"

17. Ultimately, the UCC Sale was conducted in August 2021, and Secured Loan Holdings, LLC acquired Uhr's 100% membership interest in the Debtor.

18. On October 29, 2021, filed a $100,000 general unsecured Claim in this case. Incredibly, WHP, which participated in Uhr's pre-petition fraudulent conduct, now seeks through

---

[5] The Debtor would allegedly receive an additional $400,000 after WHP allegedly refinanced the Secured Lender's Loan at some point in the future.

its Claim to recover from the Debtor's bankruptcy estate, to the detriment of legitimate general unsecured creditor(s), the $100,000 that its affiliate allegedly transferred to a non-debtor affiliate of Uhr as consideration for the voided transfer of the Debtor's Property.

### The Court Should Expunge WHP's Claim

19. The Court should expunge WHP's frivolous Claim because: (i) the Debtor received no consideration for the Voided Transfer of the Property; (ii) the Claim acknowledges that WHP never paid any consideration for the Property; and (iii) under New York law, a party to intentional fraudulent conduct is not entitled to any recovery in connection with its fraudulent conduct (*i.e.*, the court leaves the parties where it finds them).

20. First, there is no dispute that the Debtor never received any consideration for the Voided Transfer. The back-up documentation that WHP attached to its Claim purports to show a $100,000 wire transfer to "421 HArt St LLC." Thus, WHP seeks to recover the return of its alleged consideration from an entity that never received any consideration. If WHP has any remedy to recover its alleged $100,000 that claim lies against 421 HArt St LLC, not the Debtor.

21. Second, the Clam admits that the WHP never paid the $100,000 consideration for the Voided Transfer. The cover letter accompanying the Claim attaches a copy of evidence of a $100,000 wire from an entity known as 341 Connecticut LLC, not WHP. Thus, if anyone is owed money it would be 341 Connecticut LLC, which did not file a proof of claim in this case, and the bar date for filing such proof of claim has passed.

22. Finally, Under New York law, a court will not assist a party that has participated in wrongful or fraudulent conduct to obtain a recovery relating to such conduct. As New York courts have repeatedly held in such cases the court will simply leave the parties where it found them. In voiding the Voided Transfer the State Court expressly held that WHP was not a good faith

purchaser for value. WHP actively participated in the wrongful transfer, and should not be rewarded for its conduct, especially where no consideration for the transfer was ever received by the Debtor. *Hocking Valley Ry. Co. v. Barbour*, 190 A.D. 341 179 N.Y.S. 810 ( (1st Dep't 1920) ("The law cares nothing for what a fraudulent party may lose, but will leave the parties where it finds them, and will leave them to disentangle themselves from the meshes in which they have become involved by their fraudulent agreement."); *Niver v. Best*, 10 Barb. 369 (N.Y. Sup. Ct. 1861)("It has been regarded as established law in this state, that when property is sold for the purpose of defrauding creditors, no action by the payee will lie on a note given to secure the payment of the consideration money.")

23.     Accordingly, the Court should expunge WHP's Claim.

WHEREFORE, the Court should enter an order in the form annexed hereto: (i) sustaining the Objection; (ii) expunging WHP's Claim; and (iii) granting the Debtor such other and further relief as is just and proper.

Dated: December 3, 2021
       Manhasset, New York

>                          Respectfully submitted,
>
>                          Law Offices of Vincent M. Lentini
>                          Attorneys for the Debtor
>                          1129 Northern Blvd., Suite 404
>                          Manhasset, New York 11030
>                          (516) 228-3214
>                          vincentmlentini@gmail.com
>
>                          By:    /s/ Vincent M. Lentini
>                                 Vincent M. Lentini

## **CERTIFICATE OF SERVICE**

Vincent Lentini, hereby declares:

1. I am an attorney admitted to practice law in the States of New York and am a member of the bar of this Court.

2. On December 3, 2021, I served a true and correct copy of the *DEBTOR'S OBJECTION TO CLAIM OF WHP EQUITIES LLC (CLAIM NO. 2)* by first class mail upon WHP Equities, LLC, 1120 Lexington Ave., Lakewood, New Jersey 08701.

Dated: December 3, 2021

                                                            /s/ Vincent Lentini
                                                               Vincent Lentini